UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 3:04 CR 105 AS |
| | ) | |
| **IVORY GRIFFIN** | ) | |
| | ) | |
| Defendant. | ) | |
| ******************************** | ) | |
| **IVORY GRIFFIN,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil No. 3:06 CV 321 AS |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

*MEMORANDUM OPINION AND ORDER*

Before this Court, is Ivory Griffin's ("Defendant") Motion to Vacate under 28 U.S.C. § 2255 (Crim. Docket No. 36; Civ. Docket No. 1) filed on May 17, 2006 requesting this Court to vacate its sentencing order dated June 17, 2005 (Crim. Docket No. 27).

The Defendant, Ivory Griffin, was charged in Counts One (1) and Two (2) of a two-count Indictment returned by a grand jury in this district on October 14, 2004. (Crim. Docket No. 1). Defendant pleaded guilty to both counts of the Indictment, without the benefit of a plea agreement, on March 2, 2005. (Crim. Docket No. 18). Count 1

charges the Defendant with a violation of 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm Which Had Previously Been Shipped and Transported in Interstate or Foreign Commerce.  Count 2 charges the Defendant with a violation of 26 U.S.C. §§ 5841, 5861(a) and 5871, Felon in Possession of a Firearm Not Registered to Him in the National Firearms Registration and Transfer Record.  On March 2, 2005, the Defendant also appeared before this Court for a Review of Detention Hearing.  The Defendant was ordered released on a $20,000 bond with conditions and placed on the electronic monitoring program.  The Defendant was released and placed on electronic monitoring on April 23, 2005.  On May 3, 2005, the Defendant absconded and a warrant for his arrest was issued on May 5, 2005.  He was arrested again on June 1, 2005.

On June 17, 2005, the Defendant was sentenced to a term of 73 months imprisonment on each count to run consecutively (for a total term of 146 months imprisonment), to be followed by a supervised release term of 2 years on each count to run consecutively (for a total of 4 years supervised release), and a $200 special assessment.  (Crim. Docket No. 27).

The Defendant filed a motion to vacate under Section 2255 on May 17, 2005.  (Crim. Docket No. 36; Civ. Docket No. 1).  In his motion, the Defendant alleged that he had instructed counsel, Philip R. Skodinski, to file an appeal, and counsel failed to do so.  On January 12, 2007, the Court held an evidentiary hearing on his motion, wherein Philip R. Skodinski testified but defendant did not present witnesses nor cross-examine, and

defendant was not represented by counsel.  Because Ivory Griffin has a right to an evidentiary hearing while represented by counsel on the basis of Fed. R. Civ. Pro. 8(c), this Court ordered a second evidentiary hearing.  *See Rauter v. U.S.*, 871 F.2d 693 (7th Cir. 1989); *Oliver v. U.S.*, 961 F.2d 1339 (7th Cir. 1992).  After further supplemental briefing by the parties, the Court held the second evidentiary hearing on June 8, 2007, wherein Defendant was represented by counsel.

Defendant continues to maintain that he told his attorney to file an appeal, yet Philip R. Skodinski failed to do so which is a violation of his rights and amounts to ineffective assistance of counsel.  *See Roe v. Flores-Ortega*, 528 U.S. 470 (2000); *Strickland v. Washington*, 466 U.S. 668 (1984).  He also submitted a letter dated December 5, 2005 from his attorney, which stated that Defendant had waived his right to appeal in his plea agreement; however, as the record reflects there was no plea agreement entered in this case.  During the second evidentiary hearing, the Defendant testified that he told his attorney to file his direct appeal while in the courtroom immediately after his sentencing on June 17, 2005; however, Defendant admitted that he did not know if his attorney heard him.  Further, Defendant presented that the following series of events took place after his sentencing: (1) during his transit from the county jail to the Federal Bureau of Prisons ("FOB") facility in Chicago on June 20, 2005, then to the FOB facility in Terre Haute, Indiana on June 27, 2005, he only had the opportunity to make one phone call to his attorney before going to Terre Haute, but he did not get a hold of him, nor did he

3

recall leaving a message; (2) before leaving the county jail on June 20, 2005, the Defendant spoke with April Anderson, Defendant's fiancé, who Defendant instructed to call his attorney and tell him to file an appeal; (3) Defendant wrote his first letter to his attorney in July of 2005, and then 3 more letters thereafter, attempting to advise his attorney to file an appeal; and, (4) Defendant received his first correspondence from his attorney in November of 2005 which was the first time the Defendant knew that no appeal had been taken. Defendant testified that it was his intention to file an appeal. In addition, April Anderson testified during the second evidentiary hearing that she spoke with the Defendant a couple days after his sentencing, that she called Defendant's attorney on the first business day after the sentencing, and attempted to contact the Defendant's attorney about 3 times total, but she only got an answering machine in which she left a message "regarding" defendant's case and his appeal. Ms. Anderson admitted that she did not specifically instruct Defendant's attorney to file an appeal. The Defendant argues that based on *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), this Defendant has met its burden in showing that his counsel was ineffective in failing to file a notice of appeal.

   The Government maintains that on the basis of the record, it appears that Ivory Griffin did not tell his counsel to file an appeal in a timely fashion (within 10 days of the sentencing), therefore the ineffective assistance of counsel claim fails and there was no violation of defendant's rights. During the second evidentiary hearing, Mr. Skodinski

4

testified that he did not recall the letter dated December 5, 2005 but that it did contain an error in that there was no waiver of appeal.  Mr. Skodinski also testified, as he did in the first evidentiary hearing, that he does not recall the Defendant saying anything about an appeal, and that if a Defendant wanted to appeal, it was his normal practice (for now almost 30 years) to file an appeal if requested to do so.  Mr. Skodinski did not recall going to the jail to discuss an appeal with the Defendant or writing correspondence regarding his appeal rights.  The Government argues that there is not sufficient evidence to grant the Section 2255 motion, given Mr. Skodinski's lack of recollection, his practice of filing an appeal upon request, and the Defendant's inability to demonstrate that the appeal should have been filed but was not.

A claim arises under § 2255 ¶ 1 when brought by a federal prisoner attacking his sentence on the ground that it resulted from a violation of his rights under the Constitution.  *See Guyton v. U.S.,* 453 F.3d 425, 427 (7th Cir. 2006) (citations omitted).

There is no doubt that the right to appeal is a highly protected right.  The demands of *Strickland v. Washington*, 466 U.S. 668 (1984) and *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), are not easily met.  However, taking judicial notice of the entire proceedings of this case, this Court finds that this Defendant should have the right to have the Seventh Circuit Court of Appeals review his sentence, especially since the right to appeal was not explicitly waived in this case.  Here, there is certainly enough evidence for this Court to determine that this Defendant is entitled to the preservation of the fundamental and

5

important right to appeal.  As such, as stated at the conclusion of the June 8, 2007 evidentiary hearing, this Court **GRANTS** the relief requested under Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Crim. Docket No. 36; Civ. Docket No. 1), solely for the right to proceed with an appeal.

**IT IS SO ORDERED**.

**DATED: June 12, 2007.**

S/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**
